DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
JULIE M. GLOSSON, Trial Attorney (#230709)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: julie.m.glosson@usdoj.gov

Attorneys for Acting United States Trustee
 AUGUST B. LANDIS

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>**HANIF M. SHAIKH,**<br><br>                Debtor. | Case No. 11-33038<br><br>Chapter 7<br><br>Date: October 14, 2011<br>Time: 10:00 a.m.<br>Place: Hon. Dennis Montali<br>       235 Pine Street, Courtroom 22<br>       San Francisco, California |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION FOR SANCTIONS AGAINST ATTORNEY DEMAS YAN**

August B. Landis, the Acting United States Trustee for the Northern District of California - Region 17 ("U.S. Trustee") submits this memorandum in support of the Motion for Sanctions Against Attorney Demas Yan ("Motion").

**I.  Introduction**

Attorney Demas Yan aided the Debtor in obstructing and delaying the efforts of a secured creditor to lawfully foreclose on property, which this Debtor did not own. He did so by filing a petition and by advancing an argument to impose the stay that had no basis in law or fact. This bankruptcy case is the second of three cases filed to stop a foreclosure sale of real property at 300 Fairgrounds Drive in Vallejo, California ("Vallejo Property"). The first case was In re Cairo Investments, LLC, 11-32011; the third case is Mr. Shaikh's brother and business partner, In re Nasir Sheikh, 11-33136.

The U.S. Trustee moves this Court to impose sanctions against attorney Demas Yan for filing the

MPA re UST's Mtn for Sanctions - Yan: 11-33038        - 1 -

petition, seeking to stay the creditor's foreclosure for second time without any legal basis, and by aiding the Debtor in a scheme to deprive the creditor of its right to foreclose. Yan is subject to sanctions and civil penalties under Rule 9011 and 11 U.S.C. § 707(b)(4) for filing the petition for an improper purpose and to unnecessarily delay the creditor's rights to foreclose. He is also subject to sanctions under the Court's inherent authority because he acted in bad faith and his conduct was willful.

## II. Legal Argument

### A. The U.S. Trustee Has Standing To File Motion for Sanctions Against Attorneys.

The U.S. Trustee has standing to raise and be heard "on any issue in any case or proceeding under" Title 11. 11 U.S.C. § 307.

### B. Yan is Subject to Sanctions For Violations of Rule 9011 and 11 U.S.C. § 707(b)(4)(D) For Filing the Petition to Invoke the Automatic Stay Over Property Not Owned by the Debtor.

#### 1. Yan Violated Rule 9011 When He Filed Debtor's Petition to Improperly Invoke the Automatic Stay to Harass and Unnecessarily Delay Secured Creditor's Foreclosure.

When an attorney presents a writing to the Court, including the petition, the attorney is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions have evidentiary support. Fed. R. Bankr. P. 9011(b)(3). In pertinent part, Rule 9011 states as follows:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

MPA re UST's Mtn for Sanctions - Yan: 11-33038 - 2 -

Case: 11-33038    Doc# 25    Filed: 09/09/11    Entered: 09/09/11 15:26:36    Page 2 of 7

Fed. R. Bankr. P. 9011(b).

In In re Marsch, 36 F.3d 825 (9th Cir. 1994), the Ninth Circuit considered the interpretation of Rule 9011 in light of Ninth Circuit precedent of Townsend v. Holman Consulting Corp., 929 F.2d 1358 (9th Cir. 1990) where the court held that under Rule 11 of the Federal Rules of Civil Procedure "complaints are not filed for an improper purpose if they are non-frivolous." In re Marsch, 36 F.3d at 829. In Marsch, the Ninth Circuit concluded that the differences between FRCP Rule 11 and Bankruptcy Rule 9011 require a slightly different interpretation such

> "that bankruptcy courts must consider both frivolousness *and* improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other."

In re Marsch, 36 F.3d at 830 (emphasis in original).

In Marsch, the debtor filed a petition for relief under chapter 11 to avoid posting an appeal bond despite having the ability to satisfy the judgment. The Ninth Circuit affirmed the imposition of sanctions under Rule 9011 finding that the petition was of "dubious legal merit" though not "wholly frivolous" and filed for improper purpose as "an inexpensive substitute for the bond required under state law." In re Marsch, 36 F.3d at 830-831. Thus, considering both frivolousness and improper purpose on a sliding scale, the Ninth Circuit affirmed the imposition of sanctions under Rule 9011.

The offending document is the petition filed in this case. The safe harbor provision of Rule 9011(c), which allows for the challenged paper to be withdrawn, is not applicable to the filing of the petition. Fed. R. Bankr. P. 9011(c). It is undisputed that Yan filed the petition. He did so two days after entry of the order lifting the stay in the Cairo Investments LLC case, where he is attorney of record.

Yan filed the petition to impose the stay for a second time to halt the same creditor's foreclosure sale, yet when pressed by the Court, he could articulate no legal basis to impose the stay again. See Glosson Declaration - Ex. A - Transc. 5:8-22. As an attorney, Yan knew that Debtor did not own the Vallejo Property, that title vested with Cairo Investments LLC, and should have known that the stay would not apply to property not owned by the Debtor. To invoke the automatic stay when no legal or factual basis existed makes the filing of the petition both frivolous and improper.

### 2. Yan Also Violated 11 U.S.C. § 707(b)(4)(D) By Falsely Certifying That He Had No Knowledge That the Information Contained in Debtor's Schedules Was Incorrect.

Section 707(b)(4) was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, and extends the certification requirements of Rule 9011(a), which applies to the petition, to the schedules and Statement of Financial Affairs. See Rule 9011(a); 11 U.S.C. § 707(b)(4)(C) and (D); and In re Kayne, 2011 WL 3244066 (9th Cir. B.A.P.). "The signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect." 11 U.S.C. § 707(b)(4)(D). See Orton v. Hoffman (In re Kayne), 2011 WL 3244066 (9th Cir. B.A.P.) (where B.A.P. held that bankruptcy court did not abuse its discretion when it imposed sanctions against an attorney for violations of Rule 9011 and 11 U.S.C. § 707(b)(4)(D) where the bankruptcy court found that the attorney had deliberately aided the debtor in concealing property of the estate).

Debtor does not own the Vallejo Property. Title vests with Cairo Investments LLC, and has since May 24, 2011. Despite these facts, both known to Yan[1], he prepared Debtor's Schedule A showing Debtor's interest in the Vallejo property but identified the nature of interest as "cairo investments LLC." This Court described Yan's characterization of Debtor's interest in the Vallejo Property on Schedule A as "irresponsible." See Glosson Declaration - Ex. A - Transc. 3:21.

Additionally, Yan showed the value of the Vallejo Property at $500,000 more than the value reported just three months earlier on Schedule A of In re Cairo Investments, LLC, which he also prepared. See Glosson Declaration - Ex. B & C. This sudden appreciation was made to support the dubious argument that the stay should be imposed to allow for the liquidation of the property. Notably, neither of the respective chapter 7 trustees shared Debtor's opinion of value by opposing relief from stay.

Yan signed the petition certifying that he had no knowledge that Schedule A was incorrect, when in fact, as attorney of record in the Cairo bankruptcy case, he knew that Debtor Hanif Shaikh did not hold title to the Vallejo Property. His signature, and therefore his certification, on the petition, was false.

---

[1] Yan admitted at the August 25, 2011 hearing that the Debtor does not own the Vallejo Property. See Glosson Declaration - Ex. A - Transc. 3:15-18.

MPA re UST's Mtn for Sanctions - Yan: 11-33038    - 4 -

C. **Yan Is Subject to Sanctions Under the Court's Inherent Powers For Aiding the Debtor in a Scheme to Unnecessarily Delay Creditor's Foreclosure of Property Not Owned by Debtor.**

Under the court's inherent authority, sanctions may be imposed where the court explicitly finds bad faith or willful misconduct. In re Lehtinen, 564 F.3d at 1058; Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278 (9th Cir. 1996). The court's inherent powers stem from the court's authority "to control admission to its bar and to discipline attorneys who appear before it." In re Lehtinen, 564 F.3d at 1058 citing Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d. 27 (1991).

"[B]ad faith or willful misconduct consists of something more egregious than mere negligence or recklessness." In re Lehtinen, 564 F.3d at 1058. Although the bankruptcy court in In re Lehtinen did not explicitly find that the attorney acted willfully or in bad faith, the Ninth Circuit held that such finding was implied by the bankruptcy court's finding that the attorney's conduct was "outrageously improper, unprofessional and unethical under any reading of California's ethical standards for attorneys." In re Lehtinen, 564 F.3d at 1061. In In re DeVille, 361 F.3d 539 (9th Cir. 2004), the Ninth Circuit held the bankruptcy court properly relied upon the inherent powers to impose sanctions. In DeVille, the bankruptcy court sanctioned the attorney and the debtor after concluding that they had orchestrated serial bankruptcy filings and removal actions to "maximize the delay, cost and harassment to [the state court] plaintiff." In re DeVille, 361 F.3d 539, 541 (9th Cir. 2004) citing the bankruptcy court's memorandum of decision.

Yan's conduct is similar to that of attorney Arlo Hale Smith in In re DeVille. Yan, like Smith, has orchestrated a series of bankruptcy filings, at least two and likely a third[2], in an effort to stall the secured creditor's attempts to foreclose. By filing the petition for relief under chapter 7 on behalf of Debtor Hanif Shaikh, Yan perpetuated and aided Debtor's efforts in a scheme to defraud and thwart the

---

[2]Even after the August 25, 2011 hearing, the secured creditor's foreclosure has been delayed once again by the filing of now a third case, In re Nasir Sheikh, case no. 11-33136, also a member of Cairo Investments LLC. Although this third case was filed by attorney Mark Lapham, Yan appears to be involved in the filing of this third case. See Glosson Declaration.

MPA re UST's Mtn for Sanctions - Yan: 11-33038 - 5 -

Case: 11-33038    Doc# 25    Filed: 09/09/11    Entered: 09/09/11 15:26:36    Page 5 of 7

secured creditor's foreclosure of its collateral, the Vallejo Property.

This scheme to frustrate the secured creditor's foreclosure began in May, 2011 when Yan filed the petition for relief under chapter 11 for Cairo Investments, LLC on May 24, 2011 (case no. 11-32011), the same day it took title to the Vallejo Property. In an apparent attempt to delay the hearing on the stay relief motion, Debtor filed a motion to convert the case to chapter 7. Yan perpetuated the scheme when two days after entry of the order terminating the stay in the case of In re Cairo Investments, LLC, Yan filed the chapter 7 petition for this Debtor and claimed ownership of the Vallejo Property on Schedule A.

Yan's willful misconduct continued when he argued on August 25, 2011, in opposition to termination of the stay that Debtor, despite having no direct ownership of the Vallejo Property, intended to liquidate the property and get an appraisal. At that hearing, Yan could articulate no legal basis in which to impose the stay for the second time and none exists. See Glosson Declaration - Ex. A - Transc. 5:8-22. As this Court observed, he aided the Debtor in obstructionist behavior. See Glosson Declaration - Ex. A - Transc. 3:19-24.

In filing the petition and advancing dubious arguments in opposition to relief from stay, Yan acted in bad faith and willfully. For this, he must be sanctioned.

**D.      Sanctions are Warranted to Deter Future Misconduct.**

As the Ninth Circuit recognized in In re Lehtinen, "there is no uniform procedure for disciplinary proceedings" and "individual judicial districts are free to define the rules to be followed and the grounds for punishment." Id. at 1062; In re Nguyen, 447 B.R. 268 (9th Cir. B.A.P. 2011). Sanctions imposed under Rule 9011 are "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."

**1.      Yan Should Be Barred for At Least One Year and Required to Complete Legal Education As a Condition of Reinstatement.**

Yan's conduct in this case was intentional, egregious, and not supported by any reasonable interpretation of the law. He aided the Debtor in harassing the secured creditor and abused the bankruptcy system by improperly invoking the automatic stay. The extent of his role in the scheme to frustrate the secured creditor's foreclosure requires at least a one year bar to practicing in the Northern District, which includes the filing of new bankruptcy cases, as well as being indirectly involved in any

case. Additionally, Yan should be required to complete at least twenty hours of continuing legal education in bankruptcy law and ethics before he can be reinstated. After the one year bar expires, Yan must apply to the presiding Chief Judge for the Northern District of California for reinstatement.

This case is not the first time Yan has been subject to sanctions. He previously stipulated to practice changes and disgorgement of fees in two cases: In re Qureishi 10-32054 and In re Puri. 10-30928. See Glosson Declaration - Ex. D for copy of Stipulation and Order. Although factually distinguishable from the this case, Yan's prior misconduct evidences reckless disregard for the rules, procedures, and the Bankruptcy Code, which can only be remedied by a one year bar.

### 2. Under 11 U.S.C. § 707(b)(4), Yan Should Pay Civil Penalties For Violations of Rule 9011

Civil penalties, payable to the U.S. Trustee, may be imposed against an attorney for violations of Rule 9011 under 11 U.S.C. § 707(b)(4)(B). The U.S. Trustee submits that Yan violated Rule 9011 by filing the petition to improperly invoke the automatic stay. Such conduct is egregious and an intentional abuse of the bankruptcy system. The U.S. Trustee recommends that the Court order Yan to pay civil penalties of at least $1,000 to the U.S. Trustee.

### III. Conclusion

WHEREFORE, the U.S. Trustee respectfully requests the Court enter an order that provides for the following:

(1) That attorney Demas Yan be barred, both directly and indirectly, from practice in the Northern District of California for at least one year, after which time, Yan must apply for reinstatement;

(2) That as a condition to reinstatement Yan certify and provide evidence of completion of at least 20 hours of continuing legal education in the areas of bankruptcy law and ethics;

(3) That Yan pay to the U.S. Trustee at least $1,000 in civil penalties under 11 U.S.C. § 707(b)(4)(B) for violations of Rule 9011; and

(4) For any other relief the Court deems appropriate.

Dated: September 9, 2011

Respectfully submitted,
August B. Landis, Acting U.S. Trustee

By: */s/ Julie M. Glosson, 230709*
Attorney for the U.S. Trustee

MPA re UST's Mtn for Sanctions - Yan: 11-33038 — - 7 -