Entered on Docket
August 30, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: August 28, 2010

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge

DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
MINNIE LOO, Trial Attorney (106613)
JULIE M. GLOSSON, Trial Attorney (#230709)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: julie.m.glosson@usdoj.gov

Attorneys for Acting United States Trustee
 AUGUST B. LANDIS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**RAJIV PURI, SR.,**<br><br>      Debtor. | No. 10-30928 TEC<br><br>Chapter 7 |
| In re<br><br>**ABDUS QURESHI AND NAHEED QURESHI,**<br><br>      Debtor. | No. 10-32054 TEC<br><br>Chapter 11 |

**ORDER: (1) APPROVING STIPULATION FOR PAYMENT OF FINE TO U.S. TRUSTEE, REFUND, AND ACKNOWLEDGMENT TO CHANGE PRACTICES; AND (2) FOR PAYMENT OF FINE AND REFUND**

Based upon the *Stipulation for Payment of Fine to U.S. Trustee, Refund, and Acknowledgment to Change Practices*, between the U.S. Trustee and attorney Demas Yan (aka Dennis Yan) and good cause appearing, **IT IS HEREBY ORDERED:**

(1) The Stipulation is approved in its entirety;

(2) Within 30 days after entry of this Order, Demas Yan shall pay a fine of $600 to the U.S. Trustee at 235 Pine Street, Suite 700, San Francisco, CA 94104;

(3) Within 30 days after entry of this Order, Demas Yan shall pay $1,000 to Mr. and Mrs. Qureishi at their address of record and within 14 days of making said payment provide

1  proof such payment was made to the U.S. Trustee at 235 Pine Street, Suite 700, San Francisco, CA 94104;

(4) Within 30 days after entry of this Order, Demas Yan shall review each open bankruptcy case filed in California in which he assisted the debtor to verify that a statement pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure is filed, and where the statement is incorrect, file an amended statement;

(5) Within 14 days of conducting the review as required by paragraph (4), Demas Yan shall certify to the U.S. Trustee by submitting a declaration to the U.S. Trustee at 235 Pine Street, Suite 700, San Francisco, CA 94104, identifying the cases reviewed by case name and case number;

(6) Within 30 days after entry of this Order, Demas Yan shall effectuate the filing of an amended Petition in *In re Qureshi{sic}*, case no. 10-32054 to correctly reflect the correct spelling of the debtors' last name; and

(7) Within 30 days after entry of this Order, Demas Yan shall effectuate the filing of an amended Statement of Social Security Number for Mr. Qureishi in *In re Qureishi{sic}*, case no. 10-32054, to correctly reflect Mr. Qureishi's true social security number.

AGREED:

    *Demas Yan*
Demas Yan (California State Bar No. 257854)

***END OF ORDER***

# **EXHIBIT D**

| | |
|---|---|
| 1 | |
| 2 | Abdus & Naheed Qureshi<br>925 Mountain Home Road<br>Woodside, CA 94062 |
| 3 | |
| 4 | Rajiv Puri<br>229 Brannan St #9j<br>San Francisco, CA 94107 |

COURT SERVICE LIST

ORDER RE STIPULATION & PAYMENT OF FINE, REFUND — - 3 -

| | |
|---|---|
| 1 | DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199) |
|   | MINNIE LOO, Trial Attorney (106613) |
| 2 | JULIE M. GLOSSON, Trial Attorney (#230709) |
|   | U.S. Department of Justice |
| 3 | Office of the United States Trustee |
|   | 235 Pine Street, Suite 700 |
| 4 | San Francisco, CA 94104 |
|   | Telephone: (415) 705-3333 |
| 5 | Facsimile: (415) 705-3379 |
|   | Email: julie.m.glosson@usdoj.gov |
| 6 | |
|   | Attorneys for Acting United States Trustee |
| 7 | AUGUST B. LANDIS |

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| In re | ) No. 10-30928 TEC |
|---|---|
| **RAJIV PURI, SR.,** | ) Chapter 7 |
| Debtor. | ) |
| In re | ) No. 10-32054 TEC |
| **ABDUS QURESHI AND NAHEED QURESHI,** | ) Chapter 11 |
| Debtor. | ) |

**ORDER: (1) APPROVING STIPULATION FOR PAYMENT OF FINE TO U.S. TRUSTEE, REFUND, AND ACKNOWLEDGMENT TO CHANGE PRACTICES; AND (2) FOR PAYMENT OF FINE AND REFUND**

Based upon the *Stipulation for Payment of Fine to U.S. Trustee, Refund, and Acknowledgment to Change Practices*, between the U.S. Trustee and attorney Demas Yan (aka Dennis Yan) and good cause appearing, **IT IS HEREBY ORDERED:**

(1) The Stipulation is approved in its entirety;

(2) Within 30 days after entry of this Order, Demas Yan shall pay a fine of $600 to the U.S. Trustee at 235 Pine Street, Suite 700, San Francisco, CA 94104;

(3) Within 30 days after entry of this Order, Demas Yan shall pay $1,000 to Mr. and Mrs. Qureishi at their address of record and within 14 days of making said payment provide

proof such payment was made to the U.S. Trustee at 235 Pine Street, Suite 700, San Francisco, CA 94104;

(4) Within 30 days after entry of this Order, Demas Yan shall review each open bankruptcy case filed in California in which he assisted the debtor to verify that a statement pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure is filed, and where the statement is incorrect, file an amended statement;

(5) Within 14 days of conducting the review as required by paragraph (4), Demas Yan shall certify to the U.S. Trustee by submitting a declaration to the U.S. Trustee at 235 Pine Street, Suite 700, San Francisco, CA 94104, identifying the cases reviewed by case name and case number;

(6) Within 30 days after entry of this Order, Demas Yan shall effectuate the filing of an amended Petition in *In re Qureshi{sic}*, case no. 10-32054 to correctly reflect the correct spelling of the debtors' last name; and

(7) Within 30 days after entry of this Order, Demas Yan shall effectuate the filing of an amended Statement of Social Security Number for Mr. Qureishi in *In re Qureshi{sic}*, case no. 10-32054, to correctly reflect Mr. Qureishi's true social security number.

AGREED:

_____
Demas Yan (California State Bar No. 257854)

***END OF ORDER***

# EXHIBIT D

COURT SERVICE LIST

Abdus & Naheed Qureshi
925 Mountain Home Road
Woodside, CA 94062

Rajiv Puri
229 Brannan St #9j
San Francisco, CA 94107

DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
MINNIE LOO, Trial Attorney (106613)
JULIE M. GLOSSON, Trial Attorney (#230709)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: julie.m.glosson@usdoj.gov

Attorneys for Acting United States Trustee
 AUGUST B. LANDIS

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**RAJIV PURI, SR.,**<br><br>          Debtor. | No.    10-30928 TEC<br><br>Chapter 7 |
| In re<br><br>**ABDUS QURESHI AND NAHEED QURESHI,**<br><br>          Debtor. | No.    10-32054 TEC<br><br>Chapter 11 |

**STIPULATION FOR PAYMENT OF FINE TO U.S. TRUSTEE, REFUND, AND ACKNOWLEDGMENT TO CHANGE PRACTICES**

August B. Landis, the Acting United States Trustee for the Northern District of California - Region 17 ("U.S. Trustee"), hereby stipulates with Attorney Demas Yan[1] for payment of a fine to the U.S. Trustee, refund and certain practice changes, in lieu of the U.S. Trustee filing a motion seeking sanctions and payment of a fine.

---

[1] The petition in this case reflects the Mr. Yan's name as "Dennis Yan" however he acknowledges that his legal name and that reflected on the California State Bar's website is "Demas Yan." The name "Dennis Yan" does not appear in the database of attorneys maintained by the California State Bar and available online at www.calbar.ca.gov. An attorney named "Demas Yan" is authorized to practice law in California under license number 257854. Mr. Yan admitted to the U.S. Trustee that he is Demas Yan but uses "Dennis Yan" as his alias.

STIPULATION FOR PAYMENT OF FINE, REFUND, AND ACKNOWLEDGMENT TO CHANGE PRACTICES    - 1 -

# FACTUAL RECITALS

The U.S. Trustee, by and through undersigned counsel, and Mr. Yan hereby agree to the following factual recitals.

1. Demas Yan is a duly licensed California attorney under California license number 257854.

2. Mr. Yan is a Registered Participant as defined by Bankruptcy Local Rule 5005-1(a), and as such is authorized to electronically file documents through the electronic case filing system in place in the Northern District of California.

### Recitals with respect to bankruptcy cases filed by Rajiv Puri

3. On March 17, 2010, Rajiv Puri, Sr.[2] filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code ("Bankruptcy Code"), case number 10-30928.

4. Mr. Puri filed case no. 10-30928 with Mr. Yan's assistance.

5. Mr. Yan electronically filed case no. 10-30928 with the court on March 17, 2010.

6. At the time of filing case no. 10-30928, Mr. Yan did not possess the original signed petition, schedules, Statement of Financial Affairs, Statement of Current Monthly Income and Means Test Calculation and Statement of Social Security Number.

7. Mr. Yan filed the aforementioned documents at the direction of Mr. Puri after receiving oral communication from him.

8. Mr. Yan did not personally review with Mr. Puri the signed documents prior to filing.

9. Mr. Yan did not maintain physical possession of the documents after filing in accordance with Bankruptcy Local Rule 5005-2(c).

10. Mr. Yan is also the attorney of record in the three prior cases filed by Mr. Puri since September, 2009: 09-32667 filed on September 8, 2009; 09-33087 filed on October 7, 2009, and 10-30143 filed on January 18, 2010.

---

[2]Mr. Puri testified that his name does not include "Sr." The three prior cases filed by Mr. Puri with Mr. Yan's assistance do not bear "Sr." as part of the debtor's name. Even after this was raised at the U.S. Trustee's Rule 2004 Examination on April 28, 2010, Mr. Yan and Mr. Puri have not corrected the petition.

1    11.    Mr. Yan electronically filed each of Mr. Puri's three prior cases.

2    12.    At the time of filing each of the three prior cases, Mr. Yan did not have in his possession
3    the original signed petition.

4    13.    Mr. Yan did not maintain physical possession of the original signed petition in each of the
5    three prior cases in accordance with Bankruptcy Local Rule 5005-2(c).

6    14.    Mr. Yan filed the petitions for each of the three prior cases at the direction of Mr. Puri
7    after receiving oral communication from him.

8    15.    Mr. Yan failed to properly advise Mr. Puri to disclose the three prior bankruptcy filings in
9    Mr. Puri's fourth bankruptcy case (10-30928).

10   16.    The petition filed in the fourth bankruptcy case filed by Mr. Puri does not disclose the
11   three prior cases he filed.

12   17.    On the petition where a debtor is required to disclose all prior bankruptcies filed in the
13   last 8 years Mr. Puri reported "none" on the petition filed in the fourth case.

14   18.    All three prior cases filed by Mr. Puri were dismissed for failure to file the balance of
15   required documents, including the schedules and Statement of Financial Affairs.

16   19.    In bankruptcy case no. 10-30928, Mr. Yan failed to recognize that Mr. Puri did not
17   complete credit counseling prior to filing the bankruptcy case when Mr. Yan filed the Certificate of
18   Debtor Education as a Certificate of Credit Counseling.

19   20.    Mr. Puri paid a total of $600 to Mr. Yan for all four bankruptcy cases.

20           Recitals with respect to bankruptcy case of Abdus and Naheed Qureishi

21   21.    On June 2, 2010, a voluntary petition for relief under chapter 11 of title 11 of the
22   Bankruptcy Code was filed bearing the names of Abdus Qureshi{sic} and Naheed Qureshi{sic}, case
23   number 10-32054.

24   22.    Mr. Yan did not personally review the proof of identification for Mr. or Mrs. Qureishi.

25   23.    The correct spelling of Mr. and Mrs. Qureishi's last name is Q-u-r-e-i-s-h-i.

26   24.    Mr. Qureishi filed case no. 10-32054 with Mr. Yan's assistance.

27   25.    Mr. Yan electronically filed case no. 10-32054 with the court on June 2, 2010.

28   26.    The petition electronically filed by Mr. Yan on June 2, 2010 in case no. 10-32054 does

STIPULATION FOR PAYMENT OF FINE, REFUND, AND ACKNOWLEDGMENT TO CHANGE PRACTICES    - 3 -

27. not disclose the related case electronically filed on June 1, 2010 by Mr. Yan, *In re Cap Invest, Inc.* (Case No. 10-55770).[3]

27. At Exhibit D to the petition electronically filed by Mr. Yan on June 2, 2010 in case no. 10-32054, it appears that Mr. and Mrs. Qureishi each checked the box asserting that they are not required to obtain pre-petition credit counseling because of incapacity.

28. Mr. and Mrs. Qureishi[4] testified at their meeting of creditors on July 6, 2010 that they were not and are not incapacitated.

29. At the time Mr. Yan electronically filed case no. 10-32054, he had yet to meet Mrs. Qureishi.

30. At the time Mr. Yan electronically filed case no. 10-32054, neither Mr. nor Mrs. Qureishi had signed any bankruptcy documents, including the petition, schedules, Statement of Financial Affairs and Chapter 11 Statement of Current Monthly Income[5].

31. At the time Mr. Yan electronically filed case no. 10-32054, Mr. Yan did not possess the original signed documents he filed on behalf of the Debtors.

32. Mr. Yan filed the aforementioned documents at the direction of Mr. Qureishi after receiving oral communication from him.

33. Mr. Yan did not personally review with Mr. Qureishi and Mrs. Qureishi the documents prior to electronically filing them on June 2, 2010.

34. Mr. and Mrs. Qureishi did not sign the aforementioned documents until June 29, 2010.

35. Mr. and Mrs. Qureishi maintained possession of the documents they signed on June 29, 2010 until July 20, 2010 when the signed documents were produced to the U.S. Trustee for review.

---

[3] The *Cap Invest* petition disclosed under "Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor": Abdus Salam Qureishi as "Name of Debtor" and President as "Relationship".

[4] Mrs. Qureishi testified at the July 6, 2010 meeting of creditors that she was not aware of the requirement for pre-petition counseling until she read the bankruptcy papers for the first time after they had already been filed.

[5] The Chapter 11 Statement of Current Monthly bore only the purported electronic signature of Mr. Qureishi.

STIPULATION FOR PAYMENT OF FINE, REFUND, AND ACKNOWLEDGMENT TO CHANGE PRACTICES - 4 -

36. The signed documents produced to the U.S. Trustee by Mr. and Mrs. Qureishi did not match the bankruptcy documents on file with the bankruptcy court.

37. Mr. Yan did not personally review the evidence of Social Security Number for Mr. or Mrs. Qureishi.

38. Mr. Yan electronically filed a Statement of Social Security for Mr. Qureishi with the court on June 4, 2010.

39. At the time Mr. Yan electronically filed Mr. Qureishi's Statement of Social Security Number, Mr. Qureishi had not signed that statement.

40. At the time Mr. Yan electronically filed Mr. Qureishi's Statement of Social Security Number, Mr. Yan did not possess the original signed documents he filed on behalf of Mr. Qureishi.

41. Mr. Yan did not personally review with Mr. Qureishi the Statement of Social Security Number prior to electronically filing it on June 4, 2010.

42. The Statement of Social Security Number filed by Mr. Yan for Mr. Qureishi is wrong with respect to the third digit.

43. To date, Mr. Yan has not filed an amended Statement of Social Security Number reflecting Mr. Qureishi's correct Social Security Number.

44. Mr. Yan electronically filed a Statement re Payment Advices for the Debtors with the court on June 22, 2010.

45. At the time Mr. Yan electronically filed Debtors' Statement re Payment Advices, neither of the Debtors had signed that statement.

46. At the time Mr. Yan electronically filed Debtors' Statement re Payment Advices, Mr. Yan did not possess the original signed document he filed on behalf of the Debtors.

47. At the meeting of creditors on July 6, 2010, Mr. Yan reported that certain assets and certain liabilities were not disclosed in the schedules he electronically filed for Debtors on June 2, 2010 and was prepared to file amended schedules. Debtors' testimony at the meeting of creditors revealed an interest in a 2000 Mercedes, a family trust and certain claims asserted by Debtors; additional creditors; a co-obligor (Cap Invest) and Mr. Qureishi's position as Chairman of Sysorex and Sysorex Federal, two California corporations.

48.   Mr. Yan filed on July 27, 2010 an Attorney Disclosure Statement in support of the Application for Employment of Attorney for Debtor and Debtor in Possession in which Mr. Yan declares:

> Currently, I have a legal advisor, Mr. Lewis Phon (SBN 74907, active since 1977), whom I call on as needed for legal guidance in Bankruptcy law and procedures.

*Attorney Disclosure Statement*, Docket # 32-1 at ¶ 1.

49.   Mr. Lewis Phon does not know Mr. Yan, has not met Mr. Yan, and has not spoken with Mr. Yan although he has "talked by telephone with Mr. Yan's assistant...to answer general questions about bankruptcy procedure in connection with a case that was filed in San Jose, California.{sic} and another case in Oakland, California". *See Declaration of Lewis Phon* attached hereto as Exhibit 1.

50.   The case filed was dismissed for failure to comply with 11 U.S.C. §109(h).

51.   Mr. Qureishi paid $1,000 to Mr. Yan for the bankruptcy case.

## REMEDIES

52.   The aforementioned factual recitals are incorporated herein by reference. The parties agree to the following remedies in lieu of the U.S. Trustee filing a motion for sanctions or other appropriate relief.

### Assessment of Fine (*In re Puri*)

53.   Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 707(b)(4)(D) and in connection with the four chapter 7 cases filed by Mr. Puri, Mr. Yan agrees to pay a fine of $600 to the U.S. Trustee within 30 days after entry of the order approving this Stipulation.

### Cancellation of Agreement and Refund (*In re Qureshi{sic}*)

54.   Mr. Yan shall, within 30 days after entry of the order approving this Stipulation, refund to Mr. Qureishi $1,000.

55.   Mr. Yan shall provide the U.S. Trustee proof of such payment to Mr. and Mrs. Qureishi within 14 days of making such payment.

56.   Mr. Yan agrees that all fee agreements in connection with the chapter 11 case filed in the name of Mr. and Mrs. Qureishi, case number 10-32054, are hereby cancelled.

### Other Corrective Measures

57.   Mr. Yan, at his expense, shall no later than 30 days after the entry of an order approving

STIPULATION FOR PAYMENT OF FINE, REFUND, AND ACKNOWLEDGMENT TO CHANGE PRACTICES   - 6 -

this Stipulation review each open bankruptcy case filed in California in which he assisted the debtor to verify that a statement pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure is filed, and where the statement is incorrect, file an amended statement.

58. Mr. Yan, at his expense, shall no later than 30 days after the entry of an order approving this Stipulation effectuate the filing of an amended Petition in *In re Qureshi{sic}*, case no. 10-32054, to correctly reflect the correct spelling of their last name.

59. Mr. Yan, at his expense, shall no later than 30 days after the entry of an order approving this Stipulation effectuate the filing of an amended Statement of Social Security Number for Mr. Qureishi in *In re Qureshi{sic}*, case no. 10-32054, to correctly reflect Mr. Qureishi's true social security number.

Practice Changes

60. Mr. Yan acknowledges that he is an officer of the court and has a duty of candor to the court.

61. Mr. Yan agrees to abide in all cases by the minimum standards established by the *Guidelines for Legal Services to be Provided by Debtors' Attorney in Chapter 7 Cases* adopted by the bankruptcy courts in the Northern District of California, including, but not limited to, providing a copy of the *Guidelines* to the debtor, personally meet with the debtor and explain the options available under both chapter 7 and chapter 13 (and for prospective chapter 11 clients, explain the options available under chapter 11), and review the final petition, schedules, Statement of Financial Affairs, and statement of social security number prior to filing with the court.

62. Mr. Yan agrees to review personally or with staff assistance, the debtor's proof of identification and social security number.

63. Mr. Yan agrees to advise the debtor to provide such proof of identity and social security number, or a written statement that one does not exist, at the section 341 meeting of creditors.

64. Mr. Yan agrees to abide by all rules, orders, and provisions regarding electronic case filing in effect in the Northern District of California so long as Mr. Yan is a Registered Participant.

65. Should any of the rules, order, and provisions regarding electronic case filing be modified, abridged, or revised, Mr. Yan agrees to abide by said provisions so long as he is a Registered

1  Participant.

2  66. Specifically, though not limited thereto, Mr. Yan agrees to abide by Bankruptcy Local Rule 5005-2(c) to physically possess the original document bearing the original signature of another person, including any future debtors, prior to filing the document with the bankruptcy court.

67. Mr. Yan agrees to abide by Bankruptcy Local Rule 5005-2(c) to maintain physical possession of the original signed documents for five years after the case or adversary proceeding in which the document was filed is closed.

68. Mr. Yan agrees to abide by Bankruptcy Local Rule 1015-1(b) to file a Notice of Related Case when applicable.

69. Mr. Yan agrees to ensure compliance with 11 U.S.C. § 109(h), including but not limited to, verifying or confirming that a person has completed credit counseling prior to filing for voluntary bankruptcy relief, taking steps to ensure the case will not be dismissed for lack of credit counseling, or advising the person of the consequences of failing to complete the credit counseling requirement.

70. Mr. Yan agrees to run a search on PACER to determine whether a prospective debtor has previously filed a bankruptcy case within the last eight years.

71. Mr. Yan agrees to comply with the *U.S. Trustee's Guidelines*, including but not limited to, § 2 (Employment and Compensation of Professional Persons).

72. Mr. Yan or another licensed attorney must spend at least one hour counseling the debtor and making sure that all assets and debts are discovered and scheduled. *See In re Tran*, 427 B.R. 805, 810 (Bankr. N.D. Cal. 2010).

Retention of Jurisdiction

73. The Court shall retain jurisdiction of this matter for all purposes.

**OTHER TERMS**

74. The parties agree and respectfully request this Court enter an order approving this Stipulation and directing Mr. Yan to (a) pay a fine of $600 to the U.S. Trustee within 30 days after entry of the Order approving this Stipulation; (b) refund $1,000 to Mr. and Mrs. Qureishi within 30 days after entry of the Order approving this Stipulation and provide proof of such payment to the U.S. Trustee within 14 days of making such payment to Mr. and Mrs. Qureishi; (c) no later than 30 days after entry of

STIPULATION FOR PAYMENT OF FINE, REFUND, AND ACKNOWLEDGMENT TO CHANGE PRACTICES - 8 -

1  the Order approving this Stipulation review each open bankruptcy case filed in California in which he
2  assisted the debtor to verify that a statement pursuant to Rule 2016(b) of the Federal Rules of
3  Bankruptcy Procedure is filed, and where the statement is incorrect, file an amended statement, and
4  within 14 days of conducting such review, certify to the U.S. Trustee that such review was made by
5  submitting to the U.S. Trustee a declaration identifying the cases reviewed by case name and case
6  number; (d) within 30 days after entry of the Order approving this Stipulation effectuate the filing of an
7  amended Petition in *In re Qureshi{sic}*, case no. 10-32054 to correctly reflect the correct spelling of the
8  debtors' last name; and (e) within 30 days after entry of the Order approving this Stipulation effectuate
9  the filing of an amended Statement of Social Security Number for Mr. Qureishi in *In re Qureshi{sic}*,
10 case no. 10-32054, to correctly reflect Mr. Qureishi's true social security number.

11  75. The parties further agree that each party shall bear its own attorney's fees and costs, if
12  any, incurred in connection with this Stipulation.

13  76. The parties further agree that should the Court reject this stipulation for any reason, the
14  U.S. Trustee shall be free to proceed with appropriate action in the respective bankruptcy cases.

15  77. The parties further agree that this Stipulation constitutes the entire agreement between the
16  parties with respect to the subject matter of this Stipulation, and supersedes any and all prior oral or
17  written agreements and understandings.

**It is so agreed:**
Dated: August 25, 2010

Demas Yan (aka Dennis Yan)
State Bar No. 257854

**It is so agreed:**
Dated: August 25, 2010

August B. Landis, Acting United States Trustee

By: _____
Minnie Loo, Trial Attorney for U.S. Trustee

**It is so agreed:**
Dated: August 25, 2010

August B. Landis, Acting United States Trustee

By: _____
Julie M. Glosson, Trial Attorney for U.S. Trustee

STIPULATION FOR PAYMENT OF FINE, REFUND, AND ACKNOWLEDGMENT TO CHANGE PRACTICES  - 9 -