```
                    UNITED STATES BANKRUPTCY COURT

                FOR THE NORTHERN DISTRICT OF CALIFORNIA

                BEFORE THE HONORABLE DENNIS MONTALI, JUDGE
```

| | |
|---|---|
| In Re: | ) Case No. 11-33038 |
| | ) Chapter 7 |
| | ) |
| | ) <u>DIVP HOSPITALITY VALLEJO,</u> |
| HANIF M. SHAIKH, | ) <u>LLC's MOTION for SANCTIONS</u> |
| | ) <u>AGAINST DEBTOR HANIF M.</u> |
| Debtor. | ) <u>SHAIKH and ATTORNEY DENNIS</u> |
| | ) <u>YAN and the U.S. TRUSTEE'S</u> |
| | ) <u>MOTION for SANCTIONS AGAINST</u> |
| | ) <u>ATTORNEY DENNIS YAN</u> |
| | ) |
| | ) Friday, November 18, 2011 |
| | ) San Francisco, California |

<u>Appearances</u>:

| | |
|---|---|
| For the Debtor and Dennis Yan: | Dennis Yan, Esq.<br>Law Offices of Dennis Yan<br>595 Market Street, Suite 1350<br>San Francisco, California  94105 |
| For Creditor-Movant DIVP Hospitality Vallejo, LLC (via telephone): | Robert P. Goe, Esq.<br>Goe & Forsythe, LLP<br>18101 Von Karman Avenue, Suite 510<br>Irvine, California  92612 |
| From the Office of the U.S. Trustee: | Julie M. Glosson, Trial Attorney<br>235 Pine Street, Suite 700<br>San Francisco, California  94104 |
| Digital Court Recorder: | United States Bankruptcy Court<br>Clerk of the Court<br>Rosalynn Wong<br>235 Pine Street, 22nd Floor (94104)<br>Post Office Box 7341<br>San Francisco, California  94120-7341<br>(415) 268-2393 |
| Certified Electronic Transcriber: | Palmer Reporting Services<br>1948 Diamond Oak Way<br>Manteca, California  95336-9124 |

         Proceedings recorded by digital recording;
 transcript produced by federally-approved transcription service.

| | |
|---|---|
| Friday, November 18, 2011 | 11:00 o'clock a.m. |

<u>P R O C E E D I N G S</u>

THE COURT: The matter of Hanif Shaikh.

MS. GLOSSON: Good morning, Your Honor. Julie Glosson for the U.S. Trustee.

MR. YAN: Dennis Yan, *in pro per*, and for the debtor.

THE COURT: Okay. Well, Mr. Yan, based upon my conversations with Mr. Lapham, you can understand that I'm not happy with this. And the only thing that you'll recall from our last hearing, we continued this because we had this motion brought by DIVP. To me your — your involvement is much different. And — and you made a point of saying you didn't — you didn't state that Mr. Hanif Shank — Shaikh owned the property. But you are as guilty as the last counsel for your preparation of Schedule D. Schedule D shows exactly that. And you are responsible for preparing that. So you tell me what's wrong with that.

MR. YAN: Well, Schedule D —

THE COURT: It says: Hanif Shaikh's case and his Schedule D says he has a secured creditor, DIVP, which isn't true, and the security is the motel, which of course leads any reasonable inference to believe that he claims an ownership interest in the property. So it can only be designed to give — jerk DIVP around, gamesmanship.

MR. YAN: Your Honor, I can only set forth the facts

1   as I know what they ought to be.  And I did not mislead the
2   Court in filing any false information in the petitions.
3            THE COURT:  Okay.  Well, you know what, I'm sorry, —
4            MR. YAN:  Now I — I will answer —
5            THE COURT:  — Mr. Yan.  I find that you did deceive
6   the Court and you did deceive the foreclosure process and you
7   did cause harm to DIVP by facilitating Mr. Hanif Shaikh's
8   bankruptcy.  And you're lucky that the evidence doesn't
9   establish that you also set up Mr. Lapham to be much in the same
10  boat.  I will — there's no evidence, although I suspect it, that
11  — that you had something to do with the other, Mr. Lapham's,
12  involvement.  But I'm going to impose sanctions on you in favor
13  of DIVP, period, for frivolous filing, Rule 11 sanctions, the
14  Chapter 11; and the conduct that pretended that there was an
15  automatic stay is, frankly, irresponsible.
16           The only open question is whether I should impose
17  further sanctions on you at the request of the United States
18  Trustee.  Have you had a chance to think about what I proposed
19  and Ms. Glosson proposed to you at the last hearing?
20           MR. YAN:  Yes.  I mean if the Court orders me to take
21  courses, I'm willing to do that.
22           THE COURT:  Did you find a course, sir?
23           MR. YAN:  I did and I can propose the courses.  But
24  if —
25           THE COURT:  I'm sorry.  You did or didn't?

1        MR. YAN:  I did.  And I can tell the Court what the
2   courses are.
3        THE COURT:  Did you show Ms. Glosson —
4        MR. YAN:  But, if I may, I shall present to you, have
5   on the record my response to your question as to Schedule D.
6   That's all.  Now as to Schedule D, the creditors, I listed two
7   creditors, and they are secured creditors.
8        THE COURT:  No, you are wrong.  As — Mr. Sheikh, both
9   of them, both gentlemen as guarantors owned an unsecured debt to
10  DIVP, unless they pledged other property to secure their
11  guaranty.  The primary obligor was not these people.
12       By putting property in Schedule D, there is an
13  inference that the debtor owns the property that's listed in
14  Schedule D.  And — and you — you in your defense, you did
15  complete Schedule A, that that shows the LLC.  In Mr. Lapham's
16  case he didn't even file the Schedule A, but in your case
17  Schedule D is inconsistent with your protestations that you
18  didn't mislead the Court, and you did —
19       MR. YAN:  Also — also in Schedule B —
20       MR. GOE:  Your Honor, could I interrupt one moment?
21  It's Robert Goe.
22       THE COURT:  Yes, sir.
23       MR. GOE:  Can I just finish my —
24       THE COURT:  Let Mr. Goe speak.
25       Yes, sir.

1    MR. GOE: Your Honor, Mr. — they didn't file a
2    Schedule D in his case. He only filed a Schedule A, where he
3    specifically put the motel and the property. Then the game that
4    was played was in Mr. Lapham's case they only filed a Schedule
5    D.
6        THE COURT: Right. But —
7        MR. GOE: There wasn't a Schedule D.
8        THE COURT: But in Mr. Yan's case the Schedule D was
9    filed on August 1st — August 17th. I'm looking at it.
10       MR. GOE: Okay. But the — okay. The Schedule A is
11   what specifically listed the property is all. All right.
12       THE COURT: No, they listed the property in Schedule A
13   through the LLC. And they listed the property as a secured
14   claim in Schedule D. It's Document Number 1 in the docket,
15   filed on August 17th.
16       MR. GOE: Okay. I'm sorry.
17       MR. YAN: And I also —
18       MR. GOE: I'm sorry, Your Honor.
19       MR. YAN: — filed a Schedule B as to personal
20   property, specifically —
21       THE COURT: Look, you're missing my point. You showed
22   the debtor as having a secured creditor, DIVP, and the security
23   as the motel. Between Mr. Hanif Shank — Shaikh and DIVP, the
24   obligation is unsecured. But by putting him on Schedule D,
25   there's an easy inference that he's the owner. And the point is

1  that was wrong and the point is DIVP got held up on its attempt
2  to foreclose.
3              MR. YAN:  Your Honor, there's no inference because I
4  specifically in Schedule B as to personal property —
5              THE COURT:  Okay.  Mr. Yan, I'm not going to debate it
6  with you.  I'm finding that you have violated Rule 11 and you've
7  made a filing that was not supported under the law.  It was a
8  frivolous filing and it was in bad faith to cause DIVP problems.
9  If you don't agree with me, I don't expect you to agree with me,
10 you have your appellate remedies.
11             In response to the United States Trustee's motion, I
12 am offering you an opportunity to avoid suspension from
13 practice.
14             MR. YAN:  Well, okay.  The — the courses that I have
15 found — actually there are two entities:  The Bay Area
16 Bankruptcy Forum provides seminars, ongoing seminars.
17             THE COURT:  Right. On ethics, right?  They have an
18 ethics program coming up?
19             MR. YAN:  Yes, yes.  And there's one for December 6.
20             THE COURT:  Okay.
21             MR. YAN:  So if the Court will allow me, I will attend
22 that.  But there are not many other seminars available under —
23 by Bay Area Bankruptcy Forum —
24             THE COURT:  That's the only one you could find?
25             MR. YAN:  But in the State Bar office, the State Bar

1  of California, they offer a series, actually quite a number of
2  CLE courses.  I found about ten that are related to bankruptcy
3  that I'm interested in.
4        THE COURT:  As I told you last time, Mr. Yan, I don't
5  condone mischief, but I'm not trying to destroy your legal
6  career.  I'm trying to give you an opportunity to get some
7  education so we don't meet again on these terms.
8        Did you discuss with Ms. Glosson, who was the one that
9  offered the suggestion, that if you attend some program that the
10 suspension not be effected?  Did you share with her the options
11 to see if she would agree —
12       MR. YAN:  Not yet.  Not yet.  Not yet.  I'm prepared
13 to share it to — with her.
14       THE COURT:  Okay.  Then, Ms. Glosson, you're going to
15 be around some more, right?
16       MS. GLOSSON:  I am.  That's correct.
17       THE COURT:  Well, let's do this.  I'm going to pass
18 the case.  I want you to tell me whether one of those programs
19 you think would be appropriate.  And, again, I'm not trying to
20 steer Mr. Yan to any particular program or to decide how much he
21 should pay.  My goal is, I think, consistent with yours, is to
22 take a lawyer who demonstrates a lack of experience and,
23 frankly, a lack of good judgment and get him some education so
24 it doesn't happen again.
25       So, Mr. Yan, share with Ms. Glosson the options.  And

1   I'll listen to her recommendation on that subject.
2           Mr. Goe, I'm going to issue an order imposing monetary
3   sanctions on Mr. Yan and his client. I'm going to think about
4   the amount and take it under advisement and prepare an order. I
5   think that you are requesting $9,500. That seems a little bit
6   steep to me. I may — I may make it somewhat lower than that,
7   but I'm not going to make that decision until I've thought about
8   it and also disposed of the parallel motion by the United States
9   Trustee. So I'm going to conclude the —
10          MR. GOE: Thank you, Your Honor.
11          THE COURT: — matter and take it under advisement for
12  that purpose.
13       (Hearing recessed at 11:08 a.m., resuming at 11:27 a.m.:)
14          THE COURT: Back to Hanif Shank — Shaikh.
15          MS. GLOSSON: Good morning, again.
16          THE COURT: What have you —
17          MS. GLOSSON: I did review the proposed CLE courses.
18  And Mr. Yan and I agreed, they amount to about a total of about
19  15 hours. And Mr. Yan committed to completing those by the end
20  of January and to either submit to me or to file with the Court
21  a declaration that he has completed those courses.
22          We both agreed that we shouldn't be sort of
23  piecemealing monitoring this. I don't want to have to have Mr.
24  Yan provide to me each time he completes a course. So I think
25  it would just be more efficient to do that in the form of a

1  declaration.
2          THE COURT: Okay. Well, why don't — and, Mr. Yan,
3  rather than impose a suspension from practice and then suspend
4  the imposition, I'm going to propose that I simply continue this
5  motion to a February calendar. And if you have what you're
6  committing to do and Ms. Glosson is satisfied, she can so advise
7  me. She still thinks I should impose a monetary sanction on
8  you. I probably will not, in honesty, if you — you seem willing
9  without a lot of resistance here to do what I've asked you to
10 do. And I appreciate that. And I've also, unfortunately, told
11 you that I'm going to impose a monetary sanction on you in the
12 other aspect of the case. So I'm not trying to triple whack
13 you.
14         And, Ms. Glosson, this may not be everything you want,
15 but I'm not going to — I'm not going to make him pay to take 15
16 hours of courses, make him pay the creditor, make him pay the
17 United States Trustee. That's just too much in my mind.
18         MS. GLOSSON: We are satisfied with the relief that —
19 that has — that the Court has indicated will be —
20         THE COURT: Okay. I'm going to put this over to a
21 law-and-motion calendar on February — 17th available?
22         MR. YAN: Okay.
23         THE COURT: Ms. Parada?
24         THE CLERK: Yes.
25         THE COURT: Mr. Yan, are you available on February

1  17th, if necessary?
2          MR. YAN: Yes.
3          THE COURT: Okay. I'm going to continue the United
4  States Trustee motion for sanctions to February 17th at 10:00.
5          If, Mr. Yan, by the end of January you have
6  satisfactorily completed the continuing education that Ms.
7  Glosson and you have discussed, you can give her your
8  declaration. If she is satisfied that you've done that, she can
9  withdraw the motion if she chooses or she can just inform me,
10 and I probably will deny any further sanction against you
11 because, again, I think you have done — will have done what I
12 expect of you.
13         But if, for some reason, you don't attend the
14 education, we'll meet on February 17th to find out why and what
15 I should do about it. So my free advice to you is: Live up to
16 your commitments, go to the course, pay attention, learn some
17 stuff, convince Ms. Glosson, and then that's end of this aspect
18 of the case.
19         MR. YAN: Okay. Thank you.
20         THE COURT: All right. Good luck.
21    (The hearing was adjourned at 11:30 o'clock a.m.)
22                           —o0o—

State of California      )
                         )   SS.
County of San Joaquin    )


      I, Susan Palmer, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages, of the digital recording provided to me by the United States Bankruptcy Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

      I further certify that I am not a party to nor in any way interested in the outcome of this matter.

      I am a Certified Electronic Reporter and Transcriber by the American Association of Electronic Reporters and Transcribers, Certificate No. 00124.  Palmer Reporting Services is approved by the Administrative Office of the United States Courts to officially prepare transcripts for the U.S. District and Bankruptcy Courts.

      Susan Palmer
      Palmer Reporting Services

      Dated January 19, 2012